## LIGGETT BROS. COAL CO. v. AMERICAN AUTOMOBILE INS. CO.

Ohio Appeals, 1st Dist., Hamilton Co.
No. 3598. Decided March 10, 1930

Alvin H. Rowe, Cincinnati, for Coal Co.
Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Insurance Co.

ROSS, J.

By stipulation, the separate finding of fact made by the court constitutes the agreed facts in the case. It appears from the findings that while the policy containing the provisions asserted by the insurer and the insured, as above, was in full force and effect that one of the trucks of the insured was negligently caused to crash through an outside wall of the garage in which the trucks were kept. The garage was a separate building and rented as an entirety to the insured.

The owner landlord sued the insured for the damage, and the case was settled by the insured. The Insurance Company was notified of the suit and refused to defend.

The policy contained the following provisions:

"no action shall lie against the defendant to recover for loss or expense under this policy arising or resulting from claims upon the insured for damages until the amount thereof shall have been fixed and rendered certain, either by final judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the Company; nor in either event unless brought within two years thereafter."

It is contended by the Insurance Company that the damaged wall was in charge of the insured. We hold this is correct, hence the property came within the exception from liability contained in the policy, and judgment was properly rendered for the Insurance Company.

"It has been heretofore held by this court, in cases involving the liability of a landlord for injuries arising from a defective condition of the premises, that when a landlord is out of possession and control of the premises he is not liable for such injuries. **Shindebeck v Moon, 32 Ohio St., 264, 30 Am. Rep., 584".** **Prendergast v Ginsburg, et al, 119 Ohio St., at page 363.**

It is apparent that such premises are not "in charge of" the lessor.

The judgment of the court of common pleas is affirmed.

CUSHING, P.J., and HAMILTON, J., concur.